## YORDAN *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Ponce.

No. 13.—Decided October 13, 1905.

This case involved the same questions as were involved in the case of *Yordan v. The Registrar of Property* (ante, p. 278), and decided on the authority thereof.

### STATEMENT OF THE CASE.

This is an appeal taken by Attorney and Notary Luis L. Yordan Dávila from a decision of the Registrar of Property of Ponce refusing to admit a mortgage deed to record.

By public deed executed in Ponce on May 30th, last, before Luis L. Yordan Dávila, an attorney-at-law and notary of said city, the said Luis L. Yordan Dávila, acting also as a party to said deed, with the consent of his wife, Angela Pasa-

rell, and another, Carlos Feliz Chardon y Leon, with the consent of his wife, Isabel Palacios Pelletier, desiring to increase the amount of the security which they had furnished the joint stock company established in said city of Ponce under the style of *Credito y Ahorro Ponceño,* as sureties in severalty for Julio N. Chardon Rodriguez, for the sum of 2,000 *pesos* which said company had given him as a loan, they constituted in favor of the former a voluntary mortgage in the said sum of 2,000 *pesos* upon a house and lot which they respectively owned, both estates situated in the said city of Ponce. Angela Pasarell y Pasarell and Isabel Palacios Pelletier, the wives of the parties to the deed, appeared at the execution thereof for the purpose of giving their consent to the constitution of the mortgage by their respective husbands in favor of the company *Credito y Ahorro Ponceño,* as they did, such consent being stated in the deed which they signed together with the other persons present.

Upon a copy of said deed being presented for record in the Registry of Property of Ponce, the registrar refused to admit it to record on the grounds stated in the decision placed at the end of said document, which reads as follows:

"The record of the preceding document is refused, because Angela Pasarell y Pasarell, who gives her consent to the execution of the mortgage, is the wife of the attesting notary, and this document is included in the prohibition established in article 22 of the Notarial Law, the violation of which entails the nullity of the instrument, according to the first paragraph of article 27 of said law; and a notice has been entered for four months at folios 119 and 87, reverse side, of libers 107 and 86 of this municipality, estates 3075, triplicate, and 3830, records letters A, and in which I have also set forth the curable defect of the powers of the managing director to enter into contracts in the name of the *Credito y Ahorro Ponceño* not being shown.— Ponce, June 30, 1905."

From this decision Luis L. Yordan Dávila took an appeal in due time, alleging:

"First. That the prohibition contained in article 22 of the Notarial Law did not apply to the appellant and his wife as parties to the deed, the appellant being the notary who authenticated the document, inasmuch as the deed in question does not contain any provision in favor of any of the parties thereto; but on the contrary the appellant and his wife execute a mortgage bond upon an estate belonging to them—that is to say, they create obligations against themselves without any benefit being derived therefrom

"Second. Because this article 22 of the law cited by the registrar of property is in perfect harmony with article 65 of the organic regulations of said law, which article is cited in said deed, which provides that the notary when he establishes obligations against himself only, may also be a party, using the terms of *by me* and *before me,* and in like cases may authorize the obligations of his relatives. In the deed in question all the requirements of said article 65 have been observed, and as said deed only establishes obligations against the notary, it is clear and evident that said deed is perfectly valid and efficient and cannot be considered null, as capriciously affirmed by the registrar of property, nor, consequently, comprised in the first paragraph of article 27 of the law referred to.

"Third. Because, assuming said instrument to be null in so far as the notary as a party thereto, and his wife, are concerned, the registrar should have recorded it in so far as the mortgage bond constituted therein by Carlos F. Chardon y Leon and his wife, persons completely foreign to the appellant, are concerned, but notwithstanding this fact he denied the record although it was requested; it is prayed therefore that this court reverse in all its parts the classification made by the Registrar of Property of Ponce and require him to make the record, at his own cost, of the deed referred to of May 30th of the current year, under number 29, executed in the protocol of the appellant on account of the classification made thereof, according to the decision refusing the record placed at the end of the copy attached being contrary to law; and inasmuch as loss and damage have been caused the appellant by this refusal, by the taking of this appeal, and in his professional reputation, that there be taxed as costs against said official the sum of $50 for the payment of postage and incidental expenses incurred by the appellant in the filing of this appeal as an interested party; all in accordance with the provisions of the aforementioned law of March 1, 1902."

MR. CHIEF JUSTICE QUIÑONES, after stating the foregoing facts, delivered the opinion of the court.

In accordance with the provisions of articles 22 and 27 of the Notarial Law in force in this Island, "no notary .shall authorize contracts containing any provision in his favor, or in which any of the contracting parties is a relative of his within the fourth civil degree or second affinity, and the public instruments containing such a provision in favor of the notary attesting them shall be null;" and in consonance with the transcribed provisions of the said Notarial Law, article 65 of the Regulations thereof provides that "A notary, when his own private obligations are involved, may also be a party to the instrument, writing· before his signature *by me* and *before me,* and he may in a similar manner attest the obligations ·of his relatives."

The fact of Angela Pasarell being present, as appears in the instrument involved in this appeal, for the purpose of giving her consent to the mortgage executed by her husband, the attesting notary, in favor of the joint stock company *Crédito y Ahorro Ponceño* necessarily implies a provision in favor of said notary, inasmuch as without the consent of his wife he could not have executed it in accordance with section 1328 of the Civil Code in force; such a provision is consequently included in the prohibition contained in article 28 of the said Notarial Law, especially when said law was inspired by the purpose of preventing fraud which notaries might commit in attesting instruments in which they take part as interested parties; it cannot be denied that, in obligations like the present one, in which the husband and wife jointly bind themselves in favor of a third person, there is always present the danger that the consent of the wife might be obtained by some means of suggestion or other censurable means employed by the husband, which constitutes precisely one of the abuses and frauds which the law has sought to avoid by establishing the prohibition contained in article 22 of the said Notarial Law.

Said deed being considered by article 27, subdivision 1, of said Notarial Law, to be null, it contains an incurable defect

which absolutely prevents its record in the registry of prop-
erty.

In view of the legal provisions cited, the decision of the
Registrar of Property of Ponce placed at the end of the deed
involved in this appeal denying the admission thereof to rec-
ord, is affirmed without any special taxation of costs; and it
is ordered that the deed presented be returned to the regis-
trar, with a copy of this opinion, for the proper purposes.

*Denied.*

Justices Hernandez, Figueras, MacLeary and Wolf con-
curred.